FILED

2006 Sep-26  PM 04:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| BARBARA D. CARMICHAEL; JOYCE G. SMITH, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | CV 05-B-2371-S |
| | ) | |
| PERSONNEL BOARD OF JEFFERSON COUNTY; LITA CLARK, in her official capacity as a member of the Personnel Board of Jefferson County; JUANITA EATON HULL, in her official capacity as a member of the Personnel Board of Jefferson County; REVEREND TOMMY HAGLER, in his official capacity as a member of the Personnel Board of Jefferson County; RONALD R. SIMS, PH.D., individually and as Receiver of the Personnel Board of Jefferson County, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION

This case is presently pending before the court on Motions to Dismiss, filed by

defendant Ronald R. Sims, Ph.D., and the members of the Personnel Board of Jefferson

County – Lita Clark, Juanita Eaton Hull, and Reverend Tommy Hagler.  (Docs. 15 and 18.)

Plaintiffs Barbara D. Carmichael and Joyce G. Smith have sued defendants, pursuant to 42

U.S.C. § 1983, alleging violations of their constitutional rights arising from their lay-off from

the Personnel Board.  Plaintiffs also allege a violation of the Board's Enabling Act.[1]  Upon

consideration of the record, the submissions of the parties, the arguments of counsel, and the

relevant law, the court is of the opinion that defendants' Motions to Dismiss are due to be

granted.

## I.  <u>MOTION TO DISMISS STANDARD</u>

The Eleventh Circuit Court of Appeals has stated that a Motion to Dismiss "is viewed

with disfavor and rarely granted."  *Brooks v. Blue Cross and Blue Shield*, 116 F.3d 1364,

1369 (11th Cir. 1997)(citing *Madison v. Purdy*, 410 F.2d 99, 100 (5th Cir. 1969);

*International Erectors, Inc. v. Wilhoit Steel Erectors & Rental Service*, 400 F.2d 465, 471

(5th Cir. 1968)).  When deciding a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), the

court "must accept the allegations set forth in the complaint as true."  *Gonzalez v. McNary*,

980 F.2d 1418, 1419 (11th Cir. 1993)(citing *Hishon v. King & Spalding*, 467 U.S. 69, 73

(1984); *Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986)); *see also Jackson v.*

*Okaloosa County*, 21 F.3d 1531, 1534 (11th Cir. 1994).  The court will dismiss a claim only

when it is clear that no relief could be granted under any set of facts consistent with the

allegations in the Complaint.  *Hishon*, 467 U.S. at 73; *Conley v. Gibson*, 355 U.S. 41, 45-46

(1957).  "A complaint may not be dismissed because the plaintiff's claims do not support the

legal theory he relies upon since the court must determine if the allegations provide for relief

---

[1]Act No. 248, Acts of Alabama 1945 as amended.

on *any* possible theory."  *Brooks*, 116 F.3d at 1369 (citing *Robertson v. Johnston*, 376 F.2d 43 (5th Cir. 1967))(emphasis in original).

"[T]he threshold that a complaint must meet to survive a motion to dismiss is 'exceedingly low.'" *Holley v. City of Roanoke*, 162 F. Supp. 2d 1335, 38 (M.D. Ala. 2001)(quoting *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985)). "[A] defendant thus bears the 'very high burden' of showing that the plaintiff cannot conceivably prove any set of facts that would entitle him to relief."  *Beck v. Deloitte & Touche*, 144 F.3d 732, 735-736 (11th Cir. 1998)(citing *Jackam v. Hospital Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1986)), *cited in McClendon v. May*, 37 F. Supp. 2d 1371, 1375 (S.D. Ga. 1999).

## II.  STATEMENT OF FACTS

On July 8, 2002, an Order was entered adjudging the Board to be in contempt of court, and appointing Defendant Sims as the Board's Receiver.  *See United States v. Jefferson County*, CV-75-S-0666-S, doc. 935 (N.D. Ala. July 8, 2002).  During his tenure as Receiver, Sims was vested with the powers and duties of the governing officials of the Board and the Personnel Director.  Specifically, Sims was given the following power and authority:

> POWERS OF RECEIVER — The Receiver shall have and exercise all authority necessary to ensure that the Personnel Board fully, faithfully, and lawfully complies in a timely, efficient, and cost-effective manner with all functions and obligations required of the Personnel Board by the terms of the Board's 1981 Consent Decree, as modified by the December 19, 1995 Modification Order, and Act No. 248, 1945 Acts of Alabama, as subsequently amended ("Act No. 248").  To these ends, the powers vested in the Receiver include, but are not limited to, the following:

(a) full power to direct, control, operate, manage, and administer the property, funds, and employees of the Board;

(b) all powers vested by Act No. 248 in the three members of the Personnel Board and Personnel Director, including the power to hire, promote, demote, transfer, and remove subordinates as necessary. . . .

*Jefferson County*, CV-75-S-0666-S, doc. 935 ¶ 2 (footnotes omitted).  The duties assigned

to Sims as Receiver included the following:

DUTIES OF RECEIVER – The Receiver shall perform the financial, contractual, legal, administrative, and personnel duties of the Personnel Director and Personnel Board. These duties include, but are not limited to, the following:

(a) preserve, protect, and administer all property, assets, and employees of the Board;

. . .

(c)  assume responsibility for fulfillment and implementation of all functions and obligations required of the Personnel Director and Personnel Board by Act No. 248, with the sole exception of those functions addressed in paragraphs 10 and 11 below, and supervise day-to-day compliance with the same by all employees of the Board;

. . .

(g)  assess the present organizational structure of the Personnel Board, and design appropriate infrastructures, systems, and procedures that will institutionalize the ability to perform all functions – and particularly the function so of developing and administering lawful selection procedures for hiring and promotion in the classified services of the county, municipalities, and appointing authorities served by the Board – in an efficient, professional, and cost-effective manner;

. . .

(k)  perform all other acts necessary to transform the Personnel Board into a strong and competent civil service agency with a clearly defined mission, the infrastructure, systems, and skills to support that mission, and, an agency that discharges all functions in an efficient, professional, and cost-effective manner in substantial compliance with all applicable federal and state laws and regulations . . . .

*Jefferson County*, CV-75-S-0666-S, doc. 935 ¶ 3.

Sims ceased exercising control over the Board on July 11, 2005, pursuant to the court's Order returning his powers and duties as Receiver to the Board. *Id*., doc.1213, Ex. A at 13-16.

Plaintiffs Carmichael and Smith were employees of the Board when Sims began his tenure as Receiver. In November 2002, Sims assigned plaintiffs to the position of Employee Relations Advisor in the Employee Relations Division, which was a new classified position created by Sims. Plaintiffs were responsible for coordinating various types of hearings before the Board, including disciplinary hearings, grievance hearings, pre-hearing conferences, as well as hearings regarding denial of injury-with-pay and citizens' complaints.

Beginning in 2002 after the court appointed Sims as Receiver, plaintiffs were involved in two reductions in force of classified employees at the Jefferson County Department of Health. During these reductions in force, plaintiffs made statements disagreeing with the manner in which Sims was implementing the reductions in force. Plaintiffs contend that the reductions in force were implemented in a manner contrary to the Enabling Act and the Board's policies and rules. They allege that they told Sims that his actions "were not proper

and compromised the integrity of the Employee Relations Division, the entire Personnel

Board, [and] the personal morals and integrity of [the] Plaintiffs." (Doc. 1 ¶ 17.)

On November 20, 2003, Sims informed plaintiffs that their positions were to be

eliminated effective November 24, 2003. Plaintiffs contend that this reduction in force

violated the Enabling Act because it was not based on one of the enumerated reasons in the

Enabling Act for a reduction in force.[2] They contend that Sims terminated them in retaliation

for their complaints about the reductions in force in the Department of Health. They also

contend that Sims denied them of their call-back rights and rights based on their seniority in

violation of the Enabling Act.[3] They also contend that they were denied any meaningful

hearing to challenge Sims's actions in violation of the Enabling Act and that defendants

deprived them of their guaranteed due process rights.

### III.  DISCUSSION

## A.  RONALD R. SIMS, Ph.D.

Plaintiffs have sued defendant Sims, in his individual capacity and in his official

capacity as Receiver for the Board, alleging that he violated their substantive and procedural

due process rights, their first amendment rights, and their rights under the Enabling Act.

---

[2]*See* Enabling Act, Ala. Act 1945, No. 248 § 23 ("Whenever it is necessary because of lack of work, lack of funds or whenever it is advisable in the interest of economy to reduce the staff of any department or agency of the counties, or any municipality affected by this Act, the appointing authorities shall lay off employees according to the procedure set forth in this Act and the rules and regulations prescribed thereunder.")

[3]*Id*.

Sims contends that he is due to be dismissed in his individual capacity because he had

judicial immunity while acting as the court-appointed Receiver and that the official capacity

claims are due to be dismissed because the Board has reassumed the power and authority he

had been granted as Receiver.

### 1.  Individual Capacity

Sims contends that he is entitled to judicial immunity.  This court's Order appointing

Sims as Receiver granted him "the status of an officer and agent of this court" and vested

him "with such immunities as by law vest with this court." *Jefferson County*, CV 75-S-0666-

S, doc. 935 ¶ 12.

In this circuit –

> Judges are entitled to absolute judicial immunity from damages for
> those acts taken while they are acting in their judicial capacity unless they
> acted in the clear absence of all jurisdiction.  This immunity applies even when
> the judge's acts are in error, malicious, or were in excess of his or her
> jurisdiction.

*Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005)(quoting *Bolin v. Story*, 225 F.3d 1234,

1239 (11th Cir. 2000))(internal citations and quotations omitted). "Court appointed receivers

act as arms of the court and are entitled to share the appointing judge's absolute immunity

provided that the challenged actions are taken in good faith and within the scope of the

authority granted to the receiver." *Davis v. Bayless*, 70 F.3d 367, 373 (5th Cir. 1995)(citing,

*inter alia*, *Property Management & Investments, Inc. v. Lewis*, 752 F.2d 599, 602-03 (11th

Cir. 1985)).

In this case there is no dispute that Sims was acting within the scope of his authority as Receiver of the Board when he allegedly violated the plaintiff's rights during their termination.  Sims was specifically given "the full power to . . . manage . . .the property, funds, and employees of the Board," and "the power to . . . remove subordinates as necessary." *See Jefferson County*, CV 75-S-0666-S, doc. 935 ¶ 2(a)-(b)(footnotes omitted).  Accordingly, Sims is due judicial immunity from plaintiffs' claims against him in his individual capacity, and such claims are due to be dismissed.

### 2.  Official Capacity

Plaintiffs contend that Sims's official capacity as Receiver is not the same as the official capacity of the Board.  Therefore, they contend that the Board cannot be substituted for Sims in his official capacity.  The court disagrees.

Plaintiffs' claims against Sims in his official capacity are claims against Sims's office, not against Sims personally.  *See Welch v. Laney*, 57 F.3d 1004, 1008 (11th Cir. 1995).  Sims made the decisions at issue in this case while acting as a Receiver for the Board, with certain court-ordered powers and duties that had been exercised by the Board.  The court subsequently removed the powers and duties from Sims, in his capacity as Receiver, and returned them to the Board.

Rule 25(d)(1) provides, "When a public officer is a party to an action in his *official capacity* and during its pendency dies, resigns, or otherwise *ceases to hold office*, the action does not abate and the officer's successor is automatically substituted as a party. . . .An order

of substitution may be entered at any time, but the omission to enter such an order shall not affect the substitution."  Fed. R. Civ. P. 25(d)(1)(emphasis added).

Sims no longer exercises any powers or duties over the operations of the Board. Therefore, the court finds that he has "cease[d] to hold office."  *Id.*  Moreover, all the official powers and duties he held as the court-appointed Receiver have been returned to the Board. Therefore, the court finds that the Board is the successor to Sims's office and, when Sims ceased to hold office, the Board was automatically substituted pursuant to Rule 25(d)(1).

The Board is due to be substituted for Sims in his official capacity, and plaintiffs' claims against Sims in his official capacity are due to be dismissed.

## B. LITA CLARK, JUANITA EATON HULL, AND REVEREND TOMMY HAGLER

The individual board members – Hull, Clark and Hagler – contend that all claims against them are due to be dismissed because (1) the July 2002 Order relieved them of all responsibility for the challenged decisions, and (2) they are entitled to "immunity" for actions taken in their official capacity while acting pursuant to the July 2002 Order.  Plaintiffs did not sue the Board members in their individual capacity, but only in their official capacity. Plaintiffs have also sued the Board.

The Board members contend that they are entitled to qualified immunity for plaintiffs' claims; they contend, "The Eleventh Circuit Court of Appeals held that summary judgment was proper because the consent decree implementing the affirmative action plan amounted to clearly established law for the purposes of *qualified immunity*.  Defendants Hull, Clark

and Hagler are entitled to immunity in the same manner as the individual Defendants named

in the Wilson lawsuit." (Doc. 19 at 7 (emphasis added).)  The court disagrees.

The Board members are named in this suit in their *official* capacity only; therefore,

they are not entitled to qualified immunity – regardless of whether the court's "consent

decree implementing the affirmative action plan" was "clearly established law," as the Board

members claim.  The Supreme Court has held:

> When it comes to defenses to liability, an official in a *personal-capacity* action
> may, depending on his position, be able to assert *personal* immunity defenses,
> such as objectively reasonable reliance on existing law.  *In an
> official-capacity action, these defenses are unavailable*. The only immunities
> that can be claimed in an official-capacity action are forms of sovereign
> immunity that the entity, *qua* entity, may possess, such as the Eleventh
> Amendment.  While not exhaustive, this list illustrates the basic distinction
> between personal- and official-capacity actions. [Footnote 14]
>
> [Footnote 14] There is no longer a need to bring official-capacity actions
> against local government officials, for under *Monell*, *supra*, local government
> units can be sued directly for damages and injunctive or declaratory relief.  .
> . .

*Kentucky v. Graham*, 473 U.S. 159, 166-67 and n.14 (1985)(internal citations and other

footnotes omitted; emphasis added).  Because they have been sued in the official capacities,

the Board members are not entitled to qualified immunity.

"Official capacity claims exist to impose liability on the entity that the officials

represent, and not on them as individuals." *Nixon v. Autauga County Board of Education*,

273 F. Supp. 2d 1292, 1296 (M.D. Ala. 2003)(quoting *Welch*, 57 F.3d at 1008)(internal

citations and quotations omitted). Therefore, plaintiff's claims against the Board members

– Clark, Hull, and Hagler – "are properly regarded as [claims] against the Board itself." *Id*. (citing *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991); *Blalock v. Dale County Board of Education*, 33 F. Supp. 2d 995, 998-99 (M.D. Ala. 1998). Because the Board is a defendant in this case, the official capacity claims against the Board members are redundant and, thus, due to be dismissed. *Id.* at 1296-97(citing *Godby v. Montgomery County Board of Education*, 996 F. Supp. 1390, 1404 (M.D. Ala. 1998)); *see Busby*, 931 F.2d at 776 ("To keep both the City and the officers sued in their official capacity as defendants in this case would have been redundant and possibly confusing to the jury.  We therefore affirm the district court's decision to grant a directed verdict in favor of . . . [the] officially named defendants, because the City of Orlando remained as a defendant."); *see also Myers v. Walker*, CV 02-B-0475-NE, doc. 12 at 4 (N.D. Ala. Mar. 31, 2003).

Therefore, the court finds that the Motion to Dismiss filed by the Board members is due to be granted and all claims against the Board members are due to be dismissed.

## CONCLUSION

For the foregoing reasons, the court is of the opinion that the Motions to Dismiss filed by Sims, (doc. 15), and the Board members Clark, Hull, and Hagler, (doc. 18), will be granted and such claims will be dismissed.  Plaintiffs' claims remain pending against the Board. An Order granting defendants' Motions to Dismiss, (docs. 15 and 18), will be entered contemporaneously with this Memorandum Opinion.

**DONE**, this the 26th day of September, 2006.


_Sharon Lovelace Blackburn_
SHARON  LOVELACE  BLACKBURN
UNITED STATES DISTRICT JUDGE